ABRAM FRENCH & another *vs.* CHARLES L. HAYWARD & others.

An order, passed without notice by a judge of probate upon the petition of a creditor, filed after the expiration and return of a commission to examine claims against an insolvent estate, alleging a contingent claim against the estate and praying the reservation in the hands of the administrator of a sum sufficient to pay to the petitioner a dividend equal to that which should be paid to other creditors, and which directs the administrator to retain the whole balance of the estate in his hands for this purpose, is no bar to a subsequent petition for distribution filed by creditors whose claims the commissioners have allowed, nor to an inquiry, upon such petition, into the merits of the alleged contingent claim.

The possible liability of surviving partners of a deceased insolvent debtor to be compelled by pending actions at law to pay notes and obligations given by him in the name of the firm without their knowledge or consent, for his private use, does not give them a contingent claim against his estate, within the meaning of the Rev. Sts. c. 68, § 5, upon which the judge of probate, in ordering a dividend among creditors who have proved their claims before commissioners against the estate of the debtor, may leave in the hands of the administrator a sum sufficient to pay a dividend equal to that paid to the other creditors.

HOAR, J.  The appellants are creditors of the insolvent estate of Josiah B. Kilbourn, deceased, who have proved their respective debts before commissioners appointed by the judge of probate, and asked for a decree of distribution.  The whole time allowed by law for the proof of debts expired, and the commission was returned in November 1858.  In December 1858 an order was passed by the judge of probate upon the petition of French and Wells, requiring the administratrix to retain the whole balance of the estate in her hands, in order to enable her to pay to French and Wells a dividend upon a contingent claim then held by them, equal to that which should be paid to the creditors whose debts were absolute and had been proved. This order is relied on by the appellees as a conclusive answer to the petition of the appellants.

It is objected to the validity of the order, that it appears to have been passed without notice, and that no authority is given by law to the judge of probate to make such a decree.  But it is enough to say, that the order is in its nature temporary, and subject to revision, and has no other force or effect than to authorize and require the administratrix to suspend the settle-

ment of the estate until the further consideration and order of the court upon the subject matter.

Under the petition of the appellants for a distribution, a new order was passed, directing a distribution among the creditors who have proved their debts, retaining in the hands of the administratrix assets sufficient for a *pro rata* dividend upon the contingent claim of French and Wells. The appellants deny that the debt set forth in the original petition of French and Wells is such a liability or contingent claim as is intended by the provisions of the Rev. St. *c.* 68, § 5; and this is the question before us for determination.

It appears by the recitals in the petition of French and Wells, that they were partners with Kilbourn in his lifetime, and that he gave the notes and obligations of the firm for his own use, without their knowledge and consent; that they have been sued upon these obligations, and that the suits are not determined. The only contingency therefore, about the claim, is the contingency, (if it may be so called,) whether they shall be able to make a successful defence to these suits. But this is a contingency affecting the evidence only, and not the obligation. They either owe these debts, or they do not owe them. If they do not owe them, the law cannot regard as a contingency the possibility of their being compelled to pay them. If they do owe them, there is no reason why they should not at once pay them, and then make their proof against Kilbourn's estate. If as between him and them, he was the principal debtor, primarily liable, and their relation was substantially that of sureties, the case of *Cummings* v. *Thompson*, 7 Met. 132, is conclusive to show that their claim is not a contingent claim under the statute. The whole foundation of the decree being therefore erroneous, the decree itself must be reversed, and the case remanded to the probate court for further proceedings.

*Decree reversed.*

*C. P. Curtis, Jr.*, for the plaintiffs.
*G. M. Browne,* for the defendants.